1999-NMCA-103

985 P.2d 770

Paul MARTINEZ, Petitioner–Appellee,

v.

STATE of New Mexico TAXATION AND REVENUE DEPARTMENT MOTOR VEHICLE DIVISION, Respondent–Appellant.

Michael Patterson, Petitioner–Appellee,

v.

State of New Mexico Taxation and Revenue Department Motor Vehicle Division, Respondent–Appellant.

Richard L. Wamboldt, Petitioner–Appellee,

v.

State of New Mexico Taxation and Revenue Department Motor Vehicle Division, Respondent–Appellant.

Nos. 19,694, 19,730, 19,978.

Court of Appeals of New Mexico.

July 6, 1999.

Kenneth A. Gleria, Albuquerque, for Appellee Paul Martinez.

Michael T. Garrett, Garrett Law Firm, P.A., Clovis, for Appellee Michael Patterson.

Alan E. Whitehead, Farmington, for Appellee Richard L. Wamboldt.

Patricia A. Madrid, Attorney General, Judith Mellow, Special Assistant Attorney General, Santa Fe, for Appellant.

Mary Y.C. Han, Albuquerque, for Judith Mellow.

## OPINION

HARTZ, Judge.

{1} In these consolidated cases the Motor Vehicle Division (MVD) of the New Mexico Taxation and Revenue Department appeals three district court orders reinstating driver's licenses for persons who had been convicted of driving while intoxicated. On our own motion this Court ordered the MVD attorney to show cause why she should not be held in contempt for violating the Rules of Appellate Procedure. On October 20, 1998, we had admonished her in a published opinion for failing to comply with the rule requiring that factual assertions in a brief be supported by citations to the record. *See* Rule 12–213(A)(3) NMRA 1999. The brief in chief in this case, filed less than five months after the admonition, violated the same rule.

{2} We conducted the show-cause hearing on June 18, 1999. We heard from the MVD attorney, her personal attorney, the Department's chief legal counsel, and counsel for appellee Richard Wamboldt. Satisfied that there were extenuating circumstances, we find no contempt by the MVD attorney. Nevertheless, a severe sanction against the Department is justified. We therefore dismiss the Department's appeal.

{3} At the hearing this Court was told that the underlying problem was overwork of the attorney assigned to handle MVD cases. Overwork would rarely be an excuse for an attorney in private practice, because the attorney should not take on more work than he or she can properly handle. In government service, however, the attorney must weigh the impact on the public welfare if legal challenges go unanswered. The Department has only one attorney assigned to handle all court proceedings, including appeals, relating to the MVD. In the past two years the number of cases assigned to the MVD attorney has more than doubled, reaching about 1600 per year. David Iglesias, the Department's chief legal counsel since November 1998, expressed his concern about his office's lack of resources, advised the Court that the Department has lost funding for one of the two legal assistants previously assigned to the MVD attorney, and stated that he will be seeking additional funding sources to increase the size of the staff.

{4} Perhaps there is room for optimism for the future. But this Court cannot over-

look what has occurred in the past. The legal work of the Department is of the highest importance. Issues relating to driver's license revocations demand the careful attention of this Court. Our work is facilitated when the Department provides us with thorough briefs that convey its expertise on these matters. The appellate brief submitted in these cases failed to satisfy even minimal appellate standards. Although we can now understand the burdens on the MVD attorney and sympathize with her, the Department owes this Court much better. We have expressed our concerns on multiple occasions. For this Court to include an admonition in a published opinion is an unusual occurrence. Our admonition to the Department on October 20, 1998, was intended to convey a strong signal that improvement was imperative.

{5} In our view, dismissal is the only responsible sanction in this case. To strike the brief but still consider the appeal would require this Court to do the Department's work. To order the Department to file a new brief would be too mild a deterrent to prevent a recurrence, and such an order would not be fair to the appellees. We are not in the practice of providing appellants with multiple opportunities to submit a persuasive brief.

{6} Therefore, we take the extraordinary action of dismissing the appeal.

{7} **IT IS SO ORDERED.**

DONNELLY and WECHSLER, JJ., concur.